## NEW-YORK SUPERIOR COURT.

JOHN F. KENDENBURG and CORNELIUS BUYS, JR., agt. CHARLES J. MORGAN.

In an action on contract, an execution cannot be issued on a judgment recovered thereon, against the person of the defendant, under section 288 of the Code, unless an order to arrest and hold him to bail was made therein before judgment was recovered.

The only actions in which such an execution can issue, where the defendant was not held to bail before judgment, are those in which the cause of action, established by the judgment-roll, creates *per se* the right, under sections 179 and 181, to arrest and to hold to bail.

Where the right to hold to bail depends upon extrinsic facts, and not upon the nature of the cause of action itself, that right must be asserted and determined before judgment, in the manner prescribed by the Code; and if that be not done, no execution against the person of the defendant can be issued upon the judgment. (*So we thought, notwithstanding the decision in Lockwood* agt. *Van Slyke, ante, p.* 45.—REP.)

*New-York Special Term, February* 24*th*, 1860. *Before* BOS- WORTH, *Ch. J.*

THE defendant moved to set aside an execution against his

person, on which he has been arrested, and is still held in cus-
tody.　He was sued in this action, as the maker of two prom-
issory notes, and judgment passed against him by default.
The complaint is in the ordinary form of one in an action by
the payee against the maker of a note.　No order has been
made to arrest the defendant and hold him to bail.　An exe-
cution against his property having been issued, and returned
unsatisfied, the *ca. sa.* was issued which he now moves to set
aside.　The motion is opposed on affidavits tending to show,
and which, for the purpose of this motion, it was assumed do
show, that the defendant fraudulently contracted the debt for
which said two notes were given ; and the plaintiffs insist
that, the debt having been fraudulently contracted, the case is
one in which the defendant might have been arrested under
sections 179 and 181 of the Code, and, therefore, an execution
against his person is a matter of right, under section 288.

The defendant insists that, this being an action on contract,
he cannot be arrested until after his liability to be arrested has
been determined in the manner prescribed by *chapter* 1, *title* 7,
*of part two of the Code*, and that, unless an order for his arrest
has been made before judgment, no execution in such an ac-
tion can be issued against his person.

R. M. HARRINGTON, *for defendant*.

N. J. WYETH, *for plaintiffs*, cited and commented on *sections*
179, 181 *and* 288 *of the Code;* 6 *How. P. R.* 315 ; 5 *id.* 467 ;
2 *Seld.* 560 ; 3 *Abb.* 230 ; 5 *Seld.* 209 ; 18 *How. P. R.* 45 ; 17
*id.* 481.

BOSWORTH, Ch. Justice.　Section 178 of the Code declares,
that no person shall be arrested in a civil action, except as pre-
scribed by that act, but that such provision shall not affect the
act to abolish imprisonment for debt, and to punish fraudulent
debtors, passed April 26th, 1831, or any act amending the
same.

The latter act declares (*Laws of* 1831, *p.* 396, § 1,) that no
person shall be arrested or imprisoned on any civil process, or

execution, * * * , in any suit instituted for the recovery of any money, due upon any judgment or decree, founded upon contract, or due upon any contract, express or implied, &c.

Section three of that act, provides a mode of obtaining a warrant to arrest the defendant in such suit, on establishing one of the several grounds for it enumerated in section 4.

By that act, no defendant can be arrested in any action founded on contract, except upon an application to the designated judge or officer, and upon making proof to his satisfaction, of some one of the grounds which, by that act, authorizes the issuing of a warrant.

One of those grounds is the same as that alleged in opposition to the granting of the present motion.

Section 179 of the Code, subdivision 4, enacts that " the defendant may be arrested, as hereinafter prescribed," (§.179), when he " has been guilty of a fraud in contracting the debt, or incurring the obligation for which the action is brought." (*Id. subdivision* 4.)

The order of arrest must be obtained from a judge of the court in which the action is brought, or from a county judge, (§ 180), and cannot be granted without an affidavit establishing a cause of action, and that the case is one of those mentioned in section 179. (*Id.* 181.) And even then it cannot be granted, unless such an undertaking be given as section 182 requires; and, by section 183, it must be made before judgment.

If a defendant be so arrested, he may move to vacate the order of arrest, before the justification of bail. (§ 204.) But section 204 gives the right to make such a motion, and section 205 regulates the practice upon it. The provisions of the Code (cited above,) are in entire harmony with the general spirit of the provisions of the act of 1831. By either act, a defendant cannot be arrested, except upon an order or warrant of a judge; and the one cannot be made, nor the other issued, except upon proof, satisfactory to him, of some one of the specified grounds authorizing it.

Under the act of 1831, the defendant may controvert any of the facts and circumstances on which such warrant issued, and

if the plaintiff fail to establish his allegations, the defendant will be discharged. (*Laws of* 1831, *p.* 397, § 7.)

Under the Code, a defendant arrested may move to vacate the order of arrest, and have the truth of the allegations on which the order was made investigated and determined. They must of necessity be determined before the justification of bail, and, if they are determined in favor of the defendant, the order will be vacated.

As the provisions of the Code regulating the matter of holding a defendant to bail, in an action upon contract, declare in terms that such provisions shall not affect the act of 1831, (*supra*), I think they should be so construed as to be consistent in their spirit and design, when such a construction will do no violence to the natural and ordinary import of the words used in either statute.

Unless there be some other section of the Code having a different meaning, or indicating a different intent, the provisions already cited, in connection with the non-imprisonment act, indicate very clearly that no defendant can be arrested or imprisoned, in an action founded on contract, except in pursuance of an order of a judge of the court in which the action is pending, or of some one authorized to perform his duties.

The non-imprisonment act declares that he shall not be, and the Code does not provide that he may be, unless such a provision is contained in section 288. When the latter section declares that an execution may be issued against the person of the judgment debtor, "if the action be one in which the defendant might have been arrested, as provided in sections 179 and 181," it contemplates that the question, whether he might have been so arrested, has been determined before such execution is attempted to be issued.

If the record of the recovery show a cause of action established, which, *per se*, gives a right to hold to bail, then the existence of such fact is determined by the record itself. In such a case, the decisions are quite uniform that a *ca. sa.* may be issued, though no order to hold to bail had

Kendenburg agt. Morgan.

been procured. (*Howard's Code*, § 288, *and cases cited in the notes.*)

If the right to hold to bail is wholly independent of the cause of action, then, whether the case be one in which the defendant might have been arrested, as provided in sections 179 and 181, must be determined before judgment, by obtaining an order of arrest, and on the motion to vacate it, if the propriety of such order be not submitted to.

If this be not so, then the law on this subject presents some strange anomalies. If arrested, as provided by sections 179 and 181, the defendant must be served with a copy of the order of arrest, and of the affidavit on which it was made. (*Code*, § 184.)

If a plaintiff may issue a *ca. sa.* at his peril, under section 288, when there has been no order holding the defendant to bail, the latter cannot certainly know, at the time of his imprisonment, on what ground the plaintiff will seek to justify such arrest.

Whether it is on the ground that he fraudulently contracted the debt, or that he has removed or disposed of his property with intent to defraud his creditors, or is about to do so, he cannot be informed until the facts alleged and relied upon, in answer to his motion to set aside the *ca. sa.*, are stated.

These he cannot controvert, unless the motion is allowed to stand over for that purpose. By pursuing the practice prescribed, to determine whether he is liable to be arrested, although he may be arrested on *ex parte* affidavits, yet those affidavits must specify and establish the grounds on which the order is sought. A copy of those affidavits must be served on him at the time of his arrest, and he may move on them, or on them and others, for his discharge.

I think it a forcible consideration in support of these views, that the Code contains no provision for determining, after judgment, and after the debtor has been arrested on a *ca. sa.*, whether he is liable to be imprisoned or not. The scope of the provisions of the Code, as a whole, brings me to the conclusion that, where the right to arrest depends upon some fact

wholly extrinsic to the cause of action itself, the question of such liability must be determined by obtaining an order to arrest, or by proceedings to be had upon such an order, obtained before judgment.

Where the cause of action, *per se*, gives the right to arrest or imprison, although the question of such liability may be provisionally determined before judgment, yet it is to be absolutely determined by the judgment itself.

This construction of section 288 makes the provisions of the non-imprisonment act, and of the Code, as to holding to bail in actions on contract, harmonize with each other, and makes the system prescribed by the Code furnish some security to a defendant against being arrested for an unknown cause, and against being subjected to the necessity of seeking exoneration from an unjust imprisonment, without having any remedy prescribed to which he may resort.

The legislature having made special provisions that a defendant shall not be arrested on an execution issued on a judgment founded on contract, and that he shall not be arrested in an action on contract, unless certain prescribed proceedings have been previously had; and even in that case, having provided how and when he may have the question of his liability to be arrested determined; I think it has limited the plaintiff to the method so prescribed, as the only one by which it can be investigated and settled. My conclusion is, that the execution was issued without authority, and contrary to law, and should be set aside with costs.