## STELLE a. PALMER.

*New York Superior Court; Special Term, August, 1860.*

### ARREST.—EXECUTION AGAINST THE PERSON.

After an order of arrest has been discharged on motion, the defendant is not liable to arrest on execution against the person, though on his default at the trial a special verdict is found, stating that he was guilty of the fraud charged in the complaint.

Motion to discharge execution against the person of defendant.

The facts are stated in the opinion.

HOFFMAN, J.—The defendant was arrested, by order, on the 4th day of August, 1858, upon a complaint supported by an affidavit, which stated his being employed by the plaintiff as an agent and broker to invest moneys upon stocks and other good securities, in order to obtain a larger rate of interest than a savings-bank paid him. That the defendant made repeated

representations of his own responsibility, as well as knowledge, and the plaintiff advanced him moneys from time to time, which were invested in certain securities. Other allegations of deception were made, but chiefly that some of the securities had been long in the defendant's hands, were utterly worthless, and were palmed off by him as the plaintiff's money, knowingly and fraudulently.

On the 7th of September, 1858, this order of arrest was discharged upon hearing and affidavits on each side, and without costs.

On the 18th day of April, 1860, the action came on to be tried before a jury, the defendant making default. The following is a history of the proceedings on such trial:

The jury found a general verdict and special findings under section 261 of the Code.

The court charged the jury, who say that they find a verdict for the plaintiff against the defendant for $2,598.24, and they answered the following questions as follows:

*Q.* Did the plaintiff, at the request of the defendant, between the first day of February, 1857, and the 8th day of July, 1857, intrust to the defendant the moneys of the plaintiff? *A.* Yes.

*Q.* To what amount? *A.* $5,730.59.

*Q.* In what capacity was the defendant employed by plaintiff? *A.* As broker of and for plaintiff to loan the money upon good and satisfactory security.

*Q.* Did the defendant invest the money so intrusted to him upon good and satisfactory security? *A.* Not the whole.

*Q.* What amount did he not so invest? *A.* $2,375.

*Q.* What did the defendant do with the same? *A.* He converted that amount to his own use on the 12th day of May, 1858, and has refused to render to plaintiff a just and true account of his disposition of that amount, viz., $2,375.

On this the following judgment was entered:

This action having been brought on for trial in its regular order on the calendar at a special term of the court, on the 18th day of August, 1860, and the defendant having been called and failing to appear, his default was entered, and thereupon a jury having (on motion of the counsel of the plaintiff) been impanelled, chosen, tried, and sworn, found a verdict for the said plaintiff against the said defendant for the sum of $2,598.24

damages, &c., and having further found that the plaintiff, at the request of the defendant, between the first day of February, 1857, and the 10th day of July, 1857, intrusted to the said defendant the moneys of the plaintiff to the amount of $5,730.59, and that said moneys were intrusted by the said plaintiff to the said defendant as the broker of and for said plaintiff to loan the same upon good and satisfactory security, and that the said defendant did not invest upon good and satisfactory security $2,375 of said money as intrusted to him, but converted that sum (viz., $2,375) to his own use on the 12th day of May, 1858, and did not pay the same to the plaintiff, and has refused to render to said plaintiff a just and true account of said last-mentioned amount. And on this 28th day of April, 1860, the sum of the costs of the said plaintiff, besides necessary disbursements and fees of officers allowed by law, are adjusted at the sum of $108.13 (after two days' notice of such adjustment to the defendant and on motion of Francis Byrne, attorney for said plaintiff). It is adjudged by this court that the said plaintiff recover against said defendant said sum of $2,598.24, being the amount of moneys received by said defendant from the said plaintiff, as the broker of and for said plaintiff, including interest to the date of this judgment (and which said money said defendant converted to his own use), and also said sum of the costs, &c., being $108.13, which, in the aggregate, amounts to the sum of $2,701.37, and judgment is hereby rendered for the said plaintiff, Lewis D. Stelle, against the said defendant, Charles S. Palmer, for the said sum of $2,701.37, accordingly, &c., &c.

An execution against the property being returned unsatisfied, an execution against the person has been issued, upon which the defendant has been taken and imprisoned. That execution he now moves to discharge.

In Kendenburg & Buys a. Morgan (18 *How. Pr.*, 469), Chief-justice Bosworth examined the subject very fully, and particularly the effect of the 288th section. The case itself was of an action on promissory note by payee against the maker. No order of arrest has been made. An execution on the judgment against property being returned unsatisfied, the defendant was arrested on an execution against his person, which he moved to set aside, which motion was granted. The chief-justice said:

"If the record of the recovery show a cause of action established, which *per se* gives a right to hold to bail, then the existence of such facts is determined by the record itself. In such a case, the decisions are quite uniform that a *ca. sa.* may be issued, though no order to hold to bail had been procured. If the right to hold to bail is wholly independent of the cause of action, then, whether the case be one in which the defendant might have been arrested, as provided in sections 179 and 181, must be determined before judgment by obtaining an order of arrest, and on the motion to vacate it, if the propriety of such order be not submitted to.

If we analyze the complaint, it will appear that for the purpose of a recovery of the money, nothing more was necessary than a statement of the funds advanced to or deposited with the defendant, and his admission that the sum demanded remained actually due, and that payment of such sum had been required and refused. Nothing in the complaint relating to the fraudulent practices which justified an order of arrest, were necessary in it.

The reasoning of Mr. Justice Hogeboom, in Humphrey *a.* Brown (17 *How. Pr.*, 481), appears to me deserving much consideration. A defendant who suffers a default may be deemed to admit only what is essential or material to warrant a recovery. It does not follow that because allegations of fraud are unnecessarily in the complaint (which perhaps would be stricken out on motion), that he admits the truth of such allegations. Those allegations, if sworn to, may be the basis of an order, unless controverted, but do not sanction an execution without an order, after judgment by default. This reasoning is stronger when applied to a case like the present, in which the question of a liability to arrest has been once judicially passed upon, and the defendant discharged. The question is a novel one, and not free from doubt. But, in my opinion, the defendant was justified, after his discharge, in considering that all which could be regularly tried upon the issues was his liability for the demand. As he had no defence to this, he was warranted in not appearing.

The execution must be discharged.